# Singizer's Appeal.

Where a surviving partner becomes insolvent, and makes a voluntary assignment of his individual property for the benefit of creditors, and the administrator of the deceased partner pays the remaining debts of the firm, he cannot, upon the distribution of the assets in the hands of the assignee, claim a *pro rata* dividend upon a moiety of such debts paid, where the accounts and equities between the partners have not been adjusted.

As between partners and joint debtors there can be no subrogation to the rights of the creditors.

In equity, each estate, individual and partnership, is applied exclusively, in the first instance, to the payment of its own creditors. Walker *v.* Eyth, 1 *Casey* 217.

APPEAL from the Common Pleas of *Cumberland county*.

This was an appeal by John Browett, administrator of George W. Singizer, deceased, from the decree of the Court of Common Pleas, distributing the assets of George Keeseman, in the hands of Richard Anderson, his assignee for the benefit of creditors.

George W. Singizer and George Keeseman were equal partners in trade. In 1853 Singizer died; after which Keeseman continued to collect the firm assets, and out of them to pay the firm debts until 1854, when he failed and made an assignment to Richard Anderson for the benefit of his creditors. At this period there were still debts of the firm unpaid, and some assets of the firm uncollected. John Brandt, administrator of George W. Singizer after the failure of Keeseman, received assets of the firm to the amount of $285.96, and was compelled to pay out of the assets of his intestate the balance of the debts of the firm, amounting to $995.81, making a balance of the debts of the firm overpaid by him of $709.85.

Richard Anderson subsequently settled an account of his trust, in which he charged himself with the proceeds of the separate property of Keeseman to the amount of $1583.69, and prayed credit for expenses, &c., amounting to $242; leaving a balance for distribution among his creditors of $1341.68. Upon the petition of the assignee this account was referred to an auditor to make distribution of the said balance among the creditors entitled to the same.

John Brandt, the administrator of George W. Singizer, claimed to receive out of this balance the one-half of the debts of the firm overpaid by him out of the assets of his intestate, to wit, $354.92.

This claim was disallowed, and the assets in the hands of the assignee were distributed to the individual creditors of Keeseman.

From this decree Brandt appealed, and assigned for error, that the court erred in rejecting his claim as administrator of Singizer.

*Watts* and *Parker*, for appellants.

*Henderson*, for appellees.

The opinion of the court was delivered by

ARMSTRONG, J.—George Singizer and George Keeseman were partners in the mercantile business. Singizer died in 1853, at which time there was a considerable amount of debts due by the firm, and some claims to be collected. John Brandt became the administrator of Singizer, and in that capacity collected debts of the firm to the amount of $295.96; and paid debts due by them amounting to $995.81.

After the death of Singizer, Keeseman continued to collect assets, but applied all he received to the payment of the partnership debts; and on the 8th of April, 1854, made an assignment of his individual property to Richard Anderson for the benefit of his creditors. On the settlement of Anderson's account, a balance of $1341.68 was found to be in his hands for distribution among creditors. Before the auditor, Brandt claimed a *pro rata* allowance on $354.92, being half the amount of the *firm* debts which he had paid out of the assets of the estate of Singizer. This claim was not allowed; and for this reason the question is raised here.

It is usual for creditors of a firm to proceed against the survivor; and it is his duty to collect the assets and pay the firm debts. But no adverse proceeding appears to have been instituted against either of the partners or their representatives. Keeseman, until he made his assignment, received and paid money to the debts of the firm. How much is not stated. Singizer's administrator had also received and paid debts out of the joint funds. But no settle-

ment had ever been made between them.  How much capital was originally put into the concern, by one or the other, does not appear.  The books were not produced.  John Murphy, a witness, it is true, speaks of them; but he refers to them only to show how the note of Keeseman to Brandt was reduced to $4.88, which appeared to have originated out of the individual accounts distinct from the partnership, and was allowed.  The duty of the auditor was to distribute the separate assets of Keeseman among his individual creditors, and not to go behind the assignment in disregard of their rights, to adjust the equities between the partners.  These could only be settled by amicable arrangement, or by account render before another tribunal.  The administrator stands in the place of his intestate, and on no higher ground; yet he claims that this position entitles him to receive out of the individual assets the amounts paid by him to firm debts, after those assets had been assigned to individual creditors.  What was the position of Singizer (had he been living) at the time of the assignment? Simply that of joint debtor with Keeseman.  Upon what principle then could he have laid hands on the funds to be distributed? Not by subrogation, for that does not apply between joint debtors; and he was not a surety.  Brandt asks to stand as a creditor partner of the firm.  But this he could not do without showing by clear evidence that on a settlement with the firm, Singizer was in advance of his partner.  And to do so, it would be requisite to take and state an account between the partners before the court would interfere in any way to enforce the claim for distribution: 5 *Watts* 231.  A surety who has paid money for his principal on a judgment, may have the judgment assigned to him, to indemnify himself: 2 *Pa. Rep.* 378.  But this was not the condition of Singizer.  There was no judgment against either of the partners. In 3 *W. & S.* 404, Himes *v.* Keller, it was held, " that a substitution which will work a prejudice to other creditors, not parties to the arrangement, will be made only in a clear case."  The evidence on the paper-book, admittedly deficient in bringing the facts before us, failed to convince the court below that Singizer was a creditor partner of the firm, and it is equally unsatisfactory here.  To allow him or his administrator to come in, would be prejudicial to the individual creditors of Keeseman.  In Walker *v.* Eyth, 1 *Casey* 217, Chief Justice LEWIS held it as settled that "where there are separate and partnership creditors, and separate and partnership property, the rule in equity is, that each estate shall be applied exclusively, in the first instance, to the payment of its own creditors," and that a retiring partner, until deprived of dominion over his individual property, had a right to appropriate it to payment of his individual debts, or to any one of his separate creditors whom he might think proper to prefer."  No

[Singizer's Appeal.]

objection has been raised to the legality of the assignment by Keeseman for the benefit of his individual creditors. At the time it was made, not a dollar of the sum now claimed by Brandt was paid. Keeseman had then a perfect right to control his own property. He appropriated it to his own creditors, and they had the exclusive right to the fund in court for distribution.

Judgment on the report of auditor confirmed.